IN THE MATTER OF THE APPLICATION OF THE BROOKLYN, WINFIELD AND NEWTOWN RAILWAY COMPANY, RESPONDENT, TO ACQUIRE THE RIGHT TO USE AND RUN THEIR CARS UPON THE TRACKS OF THE GRAND STREET AND NEWTOWN RAILROAD COMPANY OF BROOKLYN, APPELLANT.

*Railroad company—what is not a beginning to construct its road within chapter 775 of 1867 — Adjudication in proceedings to acquire land — how far binding in other proceedings.*

A corporation, authorized to construct a railroad upon certain streets and over a certain route designated in its charter, leased to another corporation the right to use, maintain and operate a railroad upon a portion of such route, upon tracks to be laid down by the second company, with all the rights and franchises of the first mentioned company, reserving to such first mentioned company the right to use the tracks to be laid upon a portion of such route upon paying a fixed compensation therefor. The second company thereafter built and operated a road upon the route described in the lease.

*Held,* that the acts of the second company in so doing were not such a beginning of the construction of its road by the first, as was required by section 2 of chapter 775 of 1867, in order to preserve its corporate existence.

The petitioner, claiming to be a corporation, instituted proceedings to acquire the right to use the tracks of another company, on the ground that such use was necessary for the purposes of its incorporation. In that proceeding it was decided that the petitioner had ceased to exist as a corporation, and the application was denied. Subsequently, the present proceedings were instituted to acquire the right to use the track of another company for the same purposes.

*Held,* that it was concluded by the former adjudication of its non-corporate existence, and could not again raise that question.

APPEAL from an order made at Special Term, appointing commissioners to ascertain and appraise the compensation to be made to the Grand Street and Newtown Railroad Company, the appellant, for the use of its tracks by the Brooklyn, Winfield and Newtown Railway Company, the respondent.

The respondent was organized under the general railroad act, on the 3d day of February, 1869. Acts of the Legislature were passed in 1869 (chap. 718), in 1870 (chap. 612), in 1871 (chap. 622), and in 1872 (chap. 705), extending its route on and through various streets in the city of Brooklyn, and conferring certain rights and privileges upon it.

By the second section of the act of 1871, it was provided that the said company should have the right to use the tracks of any

other company, already laid on the route of the former ; and, in case of inability to agree, compensation was to be ascertained in the manner provided by law in the case of lands taken for railroad purposes.

In July, 1877, proceedings were commenced by the present respondent, under the second section of the act of 1871, above cited, and section 14 of the general railroad act, for the appoint-ment of commissioners to ascertain the compensation to be paid to the Broadway R. R. Co. for the use of its tracks on Broadway, which the present respondent then declared in its petition to be necessary for the purposes of its incorporation, and which consti-tutes a portion of the proposed route of the respondent.  In this petition there was no allegation that the company had begun the construction of its road in any form.  On behalf of the Broadway Company, it was urged that the Brooklyn, Winfield and Newtown Company had not begun the construction of its road within the time and in the manner required by chapter 775 of 1867.  In this proceeding, an order was made on the 17th day of Septem-ber, 1877, appointing commissioners, which was appealed from and reversed by this court, December 10, 1877, upon which the present respondent appealed to the Court of Appeals, which court affirmed the decision of the General Term, upon the ground that the petitioning company, not having begun the construction of its road within five years, as required by the act of 1867, as extended by chapter 575 of 1874, its corporate existence and powers ceased, and there was, in fact, no corporation to acquire any right what-ever.  (*Matter of Brooklyn, Winfield and Newtown R. R. Co.,* 72 N. Y., 245.)

After this decision, the act of 1874 was amended by chapter 206 of 1878, extending the time to finish three years, so as to read. five years, bringing the time up to May 26, 1879.  Then, pro-ceedings were again taken in July, 1878, to obtain the use of the tracks of the Broadway Company.  The appointment was denied at Special Term.  The order of denial was affirmed at General Term, on appeal by the present respondent, and also by the Court of Appeals, on the former grounds, and also upon the ground that the corporation was dead, and that the act of 1878, extending its time, was in contravention of the amendment of the Constitution,

which took effect January 1, 1875, because it, in effect, created a new corporation.

On the 27th day of January, 1879, the petitioner commenced the present proceeding to acquire the use of the tracks of the appellant. In its petition, the respondent averred a commencement of the construction of its road.

Issue being joined on this allegation, testimony was taken by a referee, by which it appeared that in July, 1870, a contract was entered into by the Brooklyn, Winfield and Newtown Railroad Company with the trustees of another company, whereby the former company consented that the trustees might construct railroad tracks on a portion of its route, and use such tracks exclusively for ninety-five years (the company's existence being limited to ninety-nine), and have all the franchises of the company appertaining thereto, upon paying the compensation therein provided for, with a reservation of a portion of the route which the company might use upon paying $100 per year for it ; the trustees agreed to form a company to be called the North Second and Middle Village Company, which was to have a lease of the portion of the route on which the tracks were to be laid.

In October, 1870, a lease was made by the Brooklyn, Winfield and Newtown Railroad Company to the North Second and Middle Village Company, in pursuance of the contract, "of the right to use, maintain and operate a railroad upon the tracks now laid down or to be laid down by the party of the second part, * * * together with all the rights, privileges and franchises." In said lease it is mutually agreed " that all the railroad tracks laid down in said streets, by said party of the second part, shall belong to and be taken away at the expiration of this lease by said party of the second part."

After this lease, the North Second and Middle Village Railroad Company built its tracks on the portion mentioned in the lease, expending of its own capital about $2,000 on that portion within the city, and about $28,000 outside.

*Wm. C. De Witt*, for the appellant.

*John H. Bergen* and *D. T. Walden*, for the petitioner, respondent.

BARNARD, P, J. :

Assuming that the Brooklyn, Winfield and Newtown Railway Company had the power to lease their franchise, as to a part of the route described in their charter which is not clear, I think this order should be reversed, for two reasons. In the first place, the lease was not a beginning of the construction of its road, within the spirit and meaning of the general railroad act. The petitioning company did not spend any of its money thereon, and did not own the tracks when completed. It simply granted the right to another company to expend its money upon a portion of the route, such constructing company to own the superstructures. By the terms of the lease, the North Second and Middle Village Company were, in no sense, the agents of the petitioner upon these proceedings. The right reserved by the petitioners to use the tracks when laid, for a fixed rent, does not affect the question.

The right was to use, not the road of this petitioner, but the road of the lessee.

In the second place, the former proceedings against the Broadway Railroad Company, and the decisions therein, establish finally that as to that company the petitioner's charter was dead. This adjudication covers all things which were, and which might have been, litigated in those proceedings. No facts existing at the time of the institution of those proceedings can ever again be made the subject of judicial inquiry. If the petitioner's charter is dead as to one part of its road, because when it commenced those proceedings it was not then a corporation, it is dead as to all parts of the route granted by its charter. If it had no power to take the Broadway road, it has no power to take the road in question, and for the same reason. The present defendant takes the fact established in those proceedings, although it was not a party thereto. (*Fuller* v. *Van Geesen*, 4 Hill, 171.)

The petitioner was a party, and was adjudicated to have no corporate existence.

Order reversed, with ten dollars costs and disbursements.

GILBERT. J., concurred in result ; PRATT, J., not sitting.

Order reversed, with ten dollars costs and disbursements.